<u>UNITED STATES DISTRICT COURT</u>
<u>SOUTHERN DISTRICT OF FLORIDA</u>
(WEST PALM BEACH DIVISION)

(Palm Beach County Circuit Case No: 60 2011CA019346XXXXMB AF)

NANCY MEDRANO,

CIVIL ACTION NO.:_____

        Plaintiff,

vs.

SCHINDLER ELEVATOR CORPORATION,
a Foreign Corporation; PRUDENTIAL
INVESTMENT MANAGEMENT, INC., a
Foreign Profit Corporation and COLONNADE
PROPERTIES, LLC, a Foreign Limited Liability
Company

        Defendants.
_____/

## <u>SCHINDLER ELEVATOR CORPORATION'S</u><br><u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §1332(a)(1) and §1446, Defendant SCHINDLER ELEVATOR

CORPORATION ("SCHINDLER ELEVATOR") herewith gives notice of removal of an action filed

against it in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida,

to the United States District Court for the Southern District of Florida. In support, Defendant

respectfully states the following:

      1.      On or about December 5, 2011, Plaintiff filed this lawsuit entitled *Nancy Medrano v.*

*Schindler Enterprises, Inc. and/or Schindler Elevator Corporation, Prudential Investment*

*Management, Inc. and Colonnade Properties, LLC,* Case No. 60 2011CA019346XXXXMB AF, in

the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. <u>See</u>

Summons and Complaint, attached as Exhibit "A."

2.      Plaintiff served summons and a copy of the complaint upon SCHINDLER ELEVATOR on or about December 12, 2011.

3.      SCHINDLER ELEVATOR is unaware of whether and when Plaintiff served summons and a copy of the complaint upon SCHINDLER ELEVATOR's co-defendants, Prudential Investment Management, Inc. ("PRUDENTIAL") and Colonnade Properties, LLC. ("COLONNADE").[1]

4.      The complaint alleges that on March 16, 2010, Plaintiff NANCY MEDRANO was a business invitee at the premises known as the Phillips Point building located at 777 South Flagler Drive, West Palm Beach, Florida, when she "tripped and fell while entering the elevator because it did not stop level with the floor in the lobby." See Exhibit "A," Complaint, ¶13.

5.      This Notice of Removal is timely filed in that it is being filed within thirty (30) days after first receipt by SCHINDLER ELEVATOR of Plaintiff's initial pleadings from which it ascertained that the case was removable.

6.      This Notice of Removal is based upon diversity of citizenship jurisdiction of this Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

7.      At all times material hereto, Plaintiff is a citizen of the State of Florida.  See Complaint, ¶2.

8.      At all times material hereto, Defendant PRUDENTIAL was and is a New Jersey corporation with its principal place of business in the state of New Jersey.

9.      At all times material hereto, Defendant COLONNADE was and is a Delaware

---

[1] Schindler Enterprises, Inc. ("SCHINDLER ENTERPRISES"), an entity unaffiliated with SCHINDLER ELEVATOR but listed by MEDRANO as a Florida corporation, was initially named as a defendant party in the complaint.

corporation with its principal place of business in the state of New York.

10.     At all times material hereto, SCHINDLER ELEVATOR was and is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

11.     As such, complete diversity exists between Plaintiff and Defendants since Plaintiff is a Florida citizen and none of the Defendants are incorporated or have their principal place of business in Florida. 28 U.S.C. §1441(b).

12.     Venue is proper in the West Palm Beach Division of this Court because this action is being removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County. See 28 U.S.C. §1441(1); S.D. Fla. L.R. 3.4(D).

13.     A fair reading of the complaint indicates that the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, because Plaintiff NANCY MEDRANO is claiming "permanent" and "continuing" injuries as a result of the aforementioned incident, and where the complaint seeks relief for:

        a.   Injuries to her body;

        b.   Pain and suffering;

        c.   Disability;

        d.   Disfigurement;

        e.   Mental anguish;

        f.   Loss of capacity for the enjoyment of life;

        g.   Medical and nursing care and treatment;

---

SCHINDLER ENTERPRISES has since been dismissed by MEDRANO, as of December 28, 2011. See Exhibit "B."

      h.  Loss of earnings and loss of ability to earn; and

      i.  Aggravation of a preexisting condition.

14.    Additionally, to the best of SCHINDLER ELEVATOR's belief based on pre-removal correspondences and on its experience litigating cases with essentially identical facts, Plaintiff's amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. As such, the requisite jurisdictional amount as required by 28 U.S.C. § 1441, et seq. and 28 U.S.C. § 1332, has been met.

15.    In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, SCHINDLER ELEVATOR has filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, a true and correct copy of this Notice of Removal, and SCHINDLER ELEVATOR has also provided Plaintiff with notice.

16.    The undersigned attorneys are authorized by SCHINDLER ELEVATOR to file this Notice of Removal, are licensed attorneys in the State of Florida, and are members of the Bar of this Court.

17.    In accordance with Local Rule 7.2, SCHINDLER ELEVATOR advises this Court that it filed the attached Motion for Extension of Time to file a responsive pleading, see Exhibit "C," so that SCHINDLER ELEVATOR could obtain appropriate information from its client and so that SCHINDLER ELEVATOR could timely remove this action and file its pleadings in this Court.

18.    Attached as Exhibit "D" are all documents in the court file in SCHINDLER's possession at this time.

Respectfully submitted this 11th day of January, 2012.

_/s Stuart Weinstein_____
RICHARD P. HERMANN
Florida Bar No. 0110019
STUART A. WEINSTEIN
Florida Bar No.: 0526630

SEDGWICK LLP
Attorneys for SCHINDLER
2400 East Commercial Boulevard, Suite 1100
Fort Lauderdale, FL  33308
Telephone:     (954) 958-2500
Facsimile:      (954) 958-2513
stuart.weinstein@sedgwicklaw.com
richard.hermann@sedgwicklaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by

U.S. Mail this 11th day of January, 2012 to: Daniel G. Williams, Esq., Gordon & Doner, PA, 4114

Northlake Boulevard, Palm Beach Gardens, Florida 33410.

SEDGWICK LLP
Attorneys for Defendant(s)
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL  33308
Telephone:     (954) 958-2500
Facsimile:      (954) 958-2513

By:  _/s Stuart Weinstein_____
        STUART A. WEINSTEIN
        Florida Bar No.: 0526630

00756-073052\23\saw

5

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NANCY MEDRANO,

Plaintiff,

Case No.:

**SO 2011 CA 01 9 3 4 6 XXXXMB**

v.

SCHINDLER ENTERPRISES, INC., a
Florida Profit Corporation and/or
SCHINDLER ELEVATOR
CORPORATION, a Foreign Corporation;
PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a Foreign Profit
Corporation and COLONNADE
PROPERTIES, LLC, a Foreign Limited
Liability Company,

Defendants,

_____/

DATE: 12-12-11       TIME: 1:30

ERIC DEAL       S.P.S. #338

### CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in
this action on defendant:

Schindler Elevator Corporation
c/o Registered Agent:
CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

The defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorney:

Daniel G. Williams, Esquire
GORDON & DONER, P.A.
4114 Northlake Blvd.
Palm Beach Gardens, FL 33410
561/799-5070

within twenty (20) days after service of this summons on that defendant, exclusive of the
day of service, and to file an original of the defenses with the clerk of this court either
before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do

so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

In accordance with the Americans With Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within a reasonable period of time prior to the proceedings, contact the Administrative Office of the Court, 15th Judicial Circuit, 205 North Dixie Hwy., West Palm Beach, FL, telephone (561) 355-2986, or 1-800-955-8770 (v), via Florida Relay Service.

WITNESS my hand and Seal of said Court this _____ day DEC 05 2012

SHARON R. BOCK
As Clerk of the Court

NIKECIA ARMSTRONG
Deputy Clerk

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NANCY MEDRANO,

     Plaintiff,

v.

SCHINDLER ENTERPRISES, INC., a
Florida Profit Corporation and/or
SCHINDLER ELEVATOR
CORPORATION,  a Foreign Corporation;
PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a Foreign Profit
Corporation and COLONNADE
PROPERTIES, LLC, a Foreign Limited
Liability Company,

     Defendants,
_____/

Case No: **2011 CA 019346 XXXXMB**



COPY
RECEIVED FOR FILING
DEC 05 2011
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## COMPLAINT

The Plaintiff, NANCY MEDRANO (hereinafter referred to as "MEDRANO"), by and through her undersigned attorneys, sues the Defendants, SCHINDLER ENTERPRISES, INC., a Florida Profit Corporation and/or SCHINDLER ELEVATOR CORPORATION,  a Foreign Corporation (hereinafter collectively referred to as "SCHINDLER"); PRUDENTIAL INVESTMENT MANAGEMENT, INC., a Foreign Profit Corporation (hereinafter referred to as "PRUDENTIAL") and COLONNADE PROPERTIES, LLC, a Foreign Limited Liability Company (hereinafter referred to as "COLONNADE"),  and alleges as follows:

## GENERAL ALLEGATIONS

1.    This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of costs and interest.

2.     At all times material hereto, Plaintiff, MEDRANO, was and is a resident of Palm Beach County, Florida.

3.     Defendant, SCHINDLER ENTERPRISES, INC., at all times material hereto, was a Florida Corporation authorized to and doing business in Palm Beach County, Florida.

4.     Defendant, SCHINDLER ELEVATOR CORPORATION, at all times material hereto, was a Foreign Corporation authorized to and doing business in Palm Beach County, Florida.

5.     Defendant, PRUDENTIAL, at all times material hereto, was a Foreign Corporation authorized to and doing business in Palm Beach County, Florida.

6.     Defendant, COLONNADE, at all times material hereto, was a Foreign Limited Liability Company authorized to and doing business in Palm Beach County, Florida.

7.     The incident that is the subject matter of this Complaint occurred in Palm Beach County, Florida

8.     On or about March 16, 2010, Plaintiff, MEDRANO, was a business invitee at the premises known as the Phillips Point building located at 777 South Flagler Drive, West Palm Beach, Florida.

9.     At all times material hereto, Defendant, PRUDENTIAL, owned, occupied, controlled, maintained and/or managed the premises known as Phillips Point, 777 South Flagler Drive, West Palm Beach, Florida.

10.    At all times material hereto, Defendant, COLONNADE, owned, occupied, controlled, maintained and/or managed the premises known as Phillips Point, 777 South Flagler Drive, West Palm Beach, Florida.

11.    At all times material hereto, Defendant, SCHINDLER, had a maintenance contract with Defendants, PRUDENTIAL and/or COLONNADE, to service the elevators at the 777 South Flagler Drive, West Palm Beach, Florida.

12.    Defendant, SCHINDLER, is vicariously liable for the negligent acts of its agents, servants and employees, committed within the course and scope of their employment under the doctrine of *respondent superior.*

13.    On or about March 16, 2010, Plaintiff, MEDRANO, was a business invitee of the premises known as Phillips Point located at 777 South Flagler Drive, West Palm Beach, Florida, when she tripped and fell while entering the elevator because it did not stop level with the floor in the lobby.

### COUNT I – NEGLIGENCE AGAINST PRUDENTIAL

14.    Plaintiff hereby reavers and realleges paragraphs 1 through 13 above by reference as if fully set forth herein.

15.    At that time and place, Defendant, PRUDENTIAL, was negligent and failed to manage, control and/or maintain its premises, including the subject elevator, in a manner reasonably safe for business invitees, causing injuries to Plaintiff, MEDRANO.

16.    As owner/ manager of the premises, Defendant, PRUDENTIAL, owed a non-delegable duty of reasonable care in providing safe premises to Plaintiff, MEDRANO, and others similarly situated, and breached such duty of reasonable care as follows:

a.    by failing to properly and adequately maintain the elevator in question and surrounding area at the subject premises;

b.    by failing to properly inspect the elevator in question and the surrounding area at the subject premises;

c.    by failing to warn business invitees and others similarly situated of the danger inherent in said defective and dangerous condition;

     d.     by failing to provide procedures and policies concerning the inspection, maintenance and/or repair of the elevator in question and the surrounding area at the subject premises;

     e.     by failing to provide warning signs of any nature whatsoever in and around the area in question and the surrounding area at the subject premises; and

     f.     by failing to comply with codes and regulations relative to design, construction and maintenance requirements.

17.     Defendant, PRUDENTIAL, knew or should have known of the risk to Plaintiff, MEDRANO, and others similarly situated, and failed to take reasonable steps to guard against such risk, when it knew or should have known that said defective and dangerous condition created a foreseeable likelihood that business invitees could be injured.

18.     As a direct and proximate result of the negligence of Defendant, PRUDENTIAL, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, PRUDENTIAL, and such other and further relief as this Court deems just and proper.

## COUNT II – RES IPSA LOQUITUR AS TO PRUDENTIAL

19.     Plaintiff hereby reavers and realleges paragraphs 1 through 18 above by reference as if fully set forth herein.

20.    On the date of Plaintiff, MEDRANO'S, injury, March 16, 2010, and for several months beforehand, Defendant, PRUDENTIAL had exclusive control over the subject elevator.

21.    Elevators do not stop unevenly in the absence of negligence. The subject elevator would not have landed incorrectly if Defendant, PRUDENTIAL, had not been negligent in the inspection, maintenance, and repair of the subject elevator. As a direct and proximate result of Defendant's, PRUDENTIAL, negligence in not inspecting or not properly inspecting and properly maintaining the subject elevator and in not repairing any dangerous conditions it was aware of or should have been aware of, with the exercise of reasonable care, and in not warning of a dangerous condition, the elevator free fell.

22.    Plaintiff in no way caused or contributed to the incident.

23.    As a direct and proximate result of the negligence of Defendant, PRUDENTIAL, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, PRUDENTIAL, and such other and further relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE AGAINST COLONNADE

24.    Plaintiff hereby reavers and realleges paragraphs 1 through 13 above by reference as if fully set forth herein.

25. At that time and place, Defendant, COLONNADE, was negligent and failed to manage, control and/or maintain its premises, including the subject elevator, in a manner reasonably safe for business invitees, causing injuries to Plaintiff, MEDRANO.

26. As owner/ manager of the premises, Defendant, COLONNADE, owed a non-delegable duty of reasonable care in providing safe premises to Plaintiff, MEDRANO, and others similarly situated, and breached such duty of reasonable care as follows:

   a. by failing to properly and adequately maintain the elevator in question and surrounding area at the subject premises;

   b. by failing to properly inspect the elevator in question and the surrounding area at the subject premises;

   c. by failing to warn business invitees and others similarly situated of the danger inherent in said defective and dangerous condition;

   d. by failing to provide procedures and policies concerning the inspection, maintenance and/or repair of the elevator in question and the surrounding area at the subject premises;

   e. by failing to provide warning signs of any nature whatsoever in and around the area in question and the surrounding area at the subject premises; and

   f. by failing to comply with codes and regulations relative to design, construction and maintenance requirements.

27. Defendant, COLONNADE, knew or should have known of the risk to Plaintiff, MEDRANO, and others similarly situated, and failed to take reasonable steps to guard against such risk, when it knew or should have known that said defective and dangerous condition created a foreseeable likelihood that business invitees could be injured.

28. As a direct and proximate result of the negligence of Defendant, COLONNADE, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a

reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, COLONNADE, and such other and further relief as this Court deems just and proper.

## COUNT IV – RES IPSA LOQUITUR AS TO COLONNADE

29.    Plaintiff hereby reavers and realleges paragraphs 1 through 13 and 24 through 28 above by reference as if fully set forth herein.

30.    On the date of Plaintiff, MEDRANO'S, injury, March 16, 2010, and for several months beforehand, Defendant, COLONNADE had exclusive control over the subject elevator.

31.    Elevators do not stop unevenly in the absence of negligence. The subject elevator would not have landed incorrectly if Defendant, COLONNADE, had not been negligent in the inspection, maintenance, and repair of the subject elevator. As a direct and proximate result of Defendant's, COLONNADE, negligence in not inspecting or not properly inspecting and properly maintaining the subject elevator and in not repairing any dangerous conditions it was aware of or should have been aware of, with the exercise of reasonable care, and in not warning of a dangerous condition, the elevator free fell.

32.    Plaintiff in no way caused or contributed to the incident.

33.    As a direct and proximate result of the negligence of Defendant,

COLONNADE, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, COLONNADE, and such other and further relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE AGAINST SCHINDLER

34. Plaintiff hereby reavers and realleges paragraphs 1 through 13 above by reference as if fully set forth herein.

35. On or about March 16, 2010, Plaintiff, MEDRANO, was a business invitee of the premises known as Phillips Point located at 777 South Flagler Drive, West Palm Beach, Florida, when she when she tripped and fell while entering the elevator because it did not stop level with the floor in the lobby.

36. At that time and place, Defendant, SCHINDLER, was contracted by Defendants, PRUDENTIAL and/ or COLONNADE, to service the elevators at the subject premises known as Phillips Point and was negligent and failed to manage, control and/or maintain said elevator in a manner reasonably safe for business invitees, causing injuries to Plaintiff, MEDRANO.

37. Defendant, SCHINDLER, owed a duty of reasonable care in providing safe elevators on the premises known as Phillips Point to Plaintiff, MEDRANO, and others similarly situated, and breached such duty of reasonable care as follows:

a.  by failing to properly and adequately maintain the elevator in question;

b.  by failing to properly inspect the elevator in question;

c.  by failing to warn business invitees and others similarly situated of the danger inherent in said defective and dangerous condition;

d.  by failing to provide procedures and policies concerning the inspection, maintenance and/or repair of the area in question and the surrounding area at the subject premises;

e.  by failing to provide warning signs of any nature whatsoever in and around the area in question and the surrounding area at the subject premises; and

f.  by failing to comply with codes and regulations relative to design, construction and maintenance requirements.

38.     Defendant, SCHINDLER, knew or should have known of the risk to Plaintiff, MEDRANO, and others similarly situated, and failed to take reasonable steps to guard against such risk, when it knew or should have known that said defective and dangerous condition created a foreseeable likelihood that business invitees could be injured.

39.     As a direct and proximate result of the negligence of Defendant, SCHINDLER, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, SCHINDLER, and such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, MEDRANO, hereby demands a trial by jury of all issues so triable.

DATED: This __5__ day of December, 2011.

> Gordon & Doner, P.A.
> 4114 Northlake Boulevard
> Palm Beach Gardens, FL  33410
> (561) 799-5070 / Fax (561) 799-4050
> Attorneys for Plaintiff
>
> _____
> Daniel G. Williams, Esquire
> Florida Bar Number: 0167630

**EXHIBIT "B"**

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NANCY MEDRANO,                              Case No.: 502011CA019346XXXXMBAF

     Plaintiff,

v.

SCHINDLER ENTERPRISES, INC., a
Florida Profit Corporation and/or
SCHINDLER ELEVATOR
CORPORATION, a Foreign Corporation;
PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a Foreign Profit
Corporation and COLONNADE
PROPERTIES, LLC, a Foreign Limited
Liability Company,

     Defendants,
_____/

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff, NANCY MEDRANO, by and through undersigned counsel, hereby files this

Notice of Voluntary Dismissal Without Prejudice as to Defendant, SCHINDLER

ENTERPRISES, INC., a Florida Profit Corporation.   Each party shall bear their own

attorney's fees and costs.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished on this _28_ day of December, 2011, by U.S. Mail to SCHINDLER
ENTERPRISES, INC., 3961 Skyway Drive, Naples, FL 34112; SCHINDLER
ELEVATOR CORPORATION, CT Corporation System 1200 S. Pine Island Road,
Plantation, FL 33324; PRUDENTIAL INVESTMENT MANAGEMENT, INC., C T
Corporation System, 1200 South Pine Island Road, Plantation, FL 33324;
COLONNADE PROPERTIES, LLC, Corpdirect Agents, Inc., 515 East Park Avenue,
Tallahassee, FL 32301.

Gordon & Doner, P.A.
4114 Northlake Boulevard
Palm Beach Gardens, FL  33410
(561) 799-5070 / fax (561) 799-4050
Attorneys for Plaintiff

_____
Daniel G. Williams, Esquire
Florida Bar Number: 0167630

**EXHIBIT "C"**

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

NANCY MEDRANO,                                    CASE NO. 502011CA019346XXXXMB

        Plaintiff(s),

vs.

SCHINDLER ENTERPRISES, INC., a Florida
profit corporation and/or SCHINDLER
ELEVATOR CORPORATION, a foreign
corporation, PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a foreign profit
corporation, COLONNADE PROPERTIES,
LLC, a foreign limited liability company,

        Defendant(s)

_____/

## SCHINDLER ELEVATOR CORPORATION'S
## MOTION FOR EXTENSION OF TIME

      Defendant, Schindler Elevator Corporation ("SCHINDLER"), by its undersigned counsel and

pursuant to the Florida Rules of Civil Procedure herewith moves for an extension of time to respond

to the Complaint and any discovery served therewith, and states in support as follows:

      1.    This action for personal injuries commenced with the filing of a Complaint on or

about December 5, 2011, and served upon the registered agent for SCHINDLER (a Delaware

corporation with its principal place of business in New Jersey) on or about December 12, 2011.

      2.    SCHINDLER has retained the law firm Sedgwick LLP to represent its interests.

Sedgwick LLP has not yet been provided with materials which are necessary to the formulation of a

responsive pleading, nor have materials been provided which would allow for the formulation of

responses to discovery served with the Complaint.

CASE NO. 502011CA019346XXXXMB

3.     SCHINDLER is in need of and requests an extension of time to respond to the Complaint and any discovery served therewith, and specifically requests an additional twenty (20) days beyond the time period required for a responsive pleading and thirty (30) days beyond the time period required for responses to discovery served with the Complaint.

4.     This motion is not made for any improper purpose but is instead necessary to protect SCHINDLER's Federal and State Constitutional rights to due process and an adequate defense.

WHEREFORE, SCHINDLER ELEVATOR CORPORATION requests the extensions requested above and such other relief that may be deemed necessary, just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this 29 day of December, 2011 to: Daniel G. Williams, Esquire, Gordon & Doner, P.A., 4144 Northlake Boulevard, Palm Beach Gardens, FL 33410.

SEDGWICK LLP
Attorneys for Defendant Schindler
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL 33308
Telephone:    (954) 958-2500
Facsimile:    (954) 958-2513

By:_____
       RICHARD P. HERMANN II
       Florida Bar No.: 0110019
       STUART A. WEINSTEIN
       Florida Bar No.: 0526630

00756-073052\13\saw

2

EXHIBIT "D"

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NANCY MEDRANO,

Plaintiff,

v.

SCHINDLER ENTERPRISES, INC., a
Florida Profit Corporation and/or
SCHINDLER ELEVATOR
CORPORATION, a Foreign Corporation;
PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a Foreign Profit
Corporation and COLONNADE
PROPERTIES, LLC, a Foreign Limited
Liability Company,

Defendants,

_____/

Case No.:

**50 2011 CA 01 9 3 4 6 XXXX MB**

**AF**

DATE: 12-12-11    TIME: 1:30

ERIC DEAL    S.P.S. #336

### CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in
this action on defendant:

Schindler Elevator Corporation
c/o Registered Agent:
CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

The defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorney:

Daniel G. Williams, Esquire
GORDON & DONER, P.A.
4114 Northlake Blvd.
Palm Beach Gardens, FL 33410
561/799-5070

within twenty (20) days after service of this summons on that defendant, exclusive of the
day of service, and to file an original of the defenses with the clerk of this court either
before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do

so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

In accordance with the Americans With Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within a reasonable period of time prior to the proceedings, contact the Administrative Office of the Court, 15th Judicial Circuit, 205 North Dixie Hwy., West Palm Beach, FL, telephone (561) 355-2986, or 1-800-955-8770 (v), via Florida Relay Service.

WITNESS my hand and Seal of said Court this _____ day of DEC 05 2012 20___.

SHARON R. BOCK
As Clerk of the Court

NIKECIA ARMSTRONG

Deputy Clerk

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NANCY MEDRANO,

Case No.: **2011 CA 019346 XXXX XX**

     Plaintiff,

v.

SCHINDLER ENTERPRISES, INC., a
Florida Profit Corporation and/or
SCHINDLER ELEVATOR
CORPORATION,  a Foreign Corporation;
PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a Foreign Profit
Corporation and COLONNADE
PROPERTIES, LLC, a Foreign Limited
Liability Company,

     Defendants,



RECEIVED COPY
FOR FILING
DEC 05 2011
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

_____/

### COMPLAINT

The Plaintiff, NANCY MEDRANO (hereinafter referred to as "MEDRANO"), by

and  through  her  undersigned  attorneys,  sues  the  Defendants,  SCHINDLER

ENTERPRISES, INC., a Florida Profit Corporation and/or SCHINDLER ELEVATOR

CORPORATION,   a  Foreign  Corporation  (hereinafter  collectively  referred  to  as

"SCHINDLER"); PRUDENTIAL INVESTMENT MANAGEMENT, INC., a Foreign Profit

Corporation  (hereinafter  referred  to  as  "PRUDENTIAL")  and  COLONNADE

PROPERTIES, LLC, a Foreign Limited Liability Company (hereinafter referred to as

"COLONNADE",  and alleges as follows:

### GENERAL ALLEGATIONS

1.     This is an action for damages in excess of Fifteen Thousand ($15,000.00)

Dollars, exclusive of costs and interest.

2.     At all times material hereto, Plaintiff, MEDRANO, was and is a resident of Palm Beach County, Florida.

3.     Defendant, SCHINDLER ENTERPRISES, INC., at all times material hereto, was a Florida Corporation authorized to and doing business in Palm Beach County, Florida.

4.     Defendant, SCHINDLER ELEVATOR CORPORATION, at all times material hereto, was a Foreign Corporation authorized to and doing business in Palm Beach County, Florida.

5.     Defendant, PRUDENTIAL, at all times material hereto, was a Foreign Corporation authorized to and doing business in Palm Beach County, Florida.

6.     Defendant, COLONNADE, at all times material hereto, was a Foreign Limited Liability Company authorized to and doing business in Palm Beach County, Florida.

7.     The incident that is the subject matter of this Complaint occurred in Palm Beach County, Florida

8.     On or about March 16, 2010, Plaintiff, MEDRANO, was a business invitee at the premises known as the Phillips Point building located at 777 South Flagler Drive, West Palm Beach, Florida.

9.     At all times material hereto, Defendant, PRUDENTIAL, owned, occupied, controlled, maintained and/or managed the premises known as Phillips Point, 777 South Flagler Drive, West Palm Beach, Florida.

10.     At all times material hereto, Defendant, COLONNADE, owned, occupied, controlled, maintained and/or managed the premises known as Phillips Point, 777 South Flagler Drive, West Palm Beach, Florida.

11.     At all times material hereto, Defendant, SCHINDLER, had a maintenance contract with Defendants, PRUDENTIAL and/or COLONNADE, to service the elevators at the 777 South Flagler Drive, West Palm Beach, Florida.

12.     Defendant, SCHINDLER, is vicariously liable for the negligent acts of its agents, servants and employees, committed within the course and scope of their employment under the doctrine of *respondent superior.*

13.     On or about March 16, 2010, Plaintiff, MEDRANO, was a business invitee of the premises known as Phillips Point located at 777 South Flagler Drive, West Palm Beach, Florida, when she tripped and fell while entering the elevator because it did not stop level with the floor in the lobby.

## COUNT I – NEGLIGENCE AGAINST PRUDENTIAL

14.     Plaintiff hereby reavers and realleges paragraphs 1 through 13 above by reference as if fully set forth herein.

15.     At that time and place, Defendant, PRUDENTIAL, was negligent and failed to manage, control and/or maintain its premises, including the subject elevator, in a manner reasonably safe for business invitees, causing injuries to Plaintiff, MEDRANO.

16.     As owner/ manager of the premises, Defendant, PRUDENTIAL, owed a non-delegable duty of reasonable care in providing safe premises to Plaintiff, MEDRANO, and others similarly situated, and breached such duty of reasonable care as follows:

      a.     by failing to properly and adequately maintain the elevator in question and surrounding area at the subject premises;

      b.     by failing to properly inspect the elevator in question and the surrounding area at the subject premises;

      c.     by failing to warn business invitees and others similarly situated of the danger inherent in said defective and dangerous condition;

     d.     by failing to provide procedures and policies concerning the inspection, maintenance and/or repair of the elevator in question and the surrounding area at the subject premises;

     e.     by failing to provide warning signs of any nature whatsoever in and around the area in question and the surrounding area at the subject premises; and

     f.     by failing to comply with codes and regulations relative to design, construction and maintenance requirements.

17.     Defendant, PRUDENTIAL, knew or should have known of the risk to Plaintiff, MEDRANO, and others similarly situated, and failed to take reasonable steps to guard against such risk, when it knew or should have known that said defective and dangerous condition created a foreseeable likelihood that business invitees could be injured.

18.     As a direct and proximate result of the negligence of Defendant, PRUDENTIAL, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, PRUDENTIAL, and such other and further relief as this Court deems just and proper.

## COUNT II – RES IPSA LOQUITUR AS TO PRUDENTIAL

19.     Plaintiff hereby reavers and realleges paragraphs 1 through 18 above by reference as if fully set forth herein.

20.     On the date of Plaintiff, MEDRANO'S, injury, March 16, 2010, and for several months beforehand, Defendant, PRUDENTIAL had exclusive control over the subject elevator.

21.     Elevators do not stop unevenly in the absence of negligence. The subject elevator would not have landed incorrectly if Defendant, PRUDENTIAL, had not been negligent in the inspection, maintenance, and repair of the subject elevator. As a direct and proximate result of Defendant's, PRUDENTIAL, negligence in not inspecting or not properly inspecting and properly maintaining the subject elevator and in not repairing any dangerous conditions it was aware of or should have been aware of, with the exercise of reasonable care, and in not warning of a dangerous condition, the elevator free fell.

22.     Plaintiff in no way caused or contributed to the incident.

23.     As a direct and proximate result of the negligence of Defendant, PRUDENTIAL, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, PRUDENTIAL, and such other and further relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE AGAINST COLONNADE

24.     Plaintiff hereby reavers and realleges paragraphs 1 through 13 above by reference as if fully set forth herein.

25.   At that time and place, Defendant, COLONNADE, was negligent and failed to manage, control and/or maintain its premises, including the subject elevator, in a manner reasonably safe for business invitees, causing injuries to Plaintiff, MEDRANO.

26.   As owner/ manager of the premises, Defendant, COLONNADE, owed a non-delegable duty of reasonable care in providing safe premises to Plaintiff, MEDRANO, and others similarly situated, and breached such duty of reasonable care as follows:

    a.   by failing to properly and adequately maintain the elevator in question and surrounding area at the subject premises;

    b.   by failing to properly inspect the elevator in question and the surrounding area at the subject premises;

    c.   by failing to warn business invitees and others similarly situated of the danger inherent in said defective and dangerous condition;

    d.   by failing to provide procedures and policies concerning the inspection, maintenance and/or repair of the elevator in question and the surrounding area at the subject premises;

    e.   by failing to provide warning signs of any nature whatsoever in and around the area in question and the surrounding area at the subject premises; and

    f.   by failing to comply with codes and regulations relative to design, construction and maintenance requirements.

27.   Defendant, COLONNADE, knew or should have known of the risk to Plaintiff, MEDRANO, and others similarly situated, and failed to take reasonable steps to guard against such risk, when it knew or should have known that said defective and dangerous condition created a foreseeable likelihood that business invitees could be injured.

28.   As a direct and proximate result of the negligence of Defendant, COLONNADE, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a

reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, COLONNADE, and such other and further relief as this Court deems just and proper.

## COUNT IV – RES IPSA LOQUITUR AS TO COLONNADE

29.     Plaintiff hereby reavers and realleges paragraphs 1 through 13 and 24 through 28 above by reference as if fully set forth herein.

30.     On the date of Plaintiff, MEDRANO'S, injury, March 16, 2010, and for several months beforehand, Defendant, COLONNADE had exclusive control over the subject elevator.

31.     Elevators do not stop unevenly in the absence of negligence. The subject elevator would not have landed incorrectly if Defendant, COLONNADE, had not been negligent in the inspection, maintenance, and repair of the subject elevator. As a direct and proximate result of Defendant's, COLONNADE, negligence in not inspecting or not properly inspecting and properly maintaining the subject elevator and in not repairing any dangerous conditions it was aware of or should have been aware of, with the exercise of reasonable care, and in not warning of a dangerous condition, the elevator free fell.

32.     Plaintiff in no way caused or contributed to the incident.

33.     As a direct and proximate result of the negligence of Defendant,

COLONNADE, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, COLONNADE, and such other and further relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE AGAINST SCHINDLER

34.     Plaintiff hereby reavers and realleges paragraphs 1 through 13 above by reference as if fully set forth herein.

35.     On or about March 16, 2010, Plaintiff, MEDRANO, was a business invitee of the premises known as Phillips Point located at 777 South Flagler Drive, West Palm Beach, Florida, when she when she tripped and fell while entering the elevator because it did not stop level with the floor in the lobby.

36.     At that time and place, Defendant, SCHINDLER, was contracted by Defendants, PRUDENTIAL and/ or COLONNADE, to service the elevators at the subject premises known as Phillips Point and was negligent and failed to manage, control and/or maintain said elevator in a manner reasonably safe for business invitees, causing injuries to Plaintiff, MEDRANO.

37.     Defendant, SCHINDLER, owed a duty of reasonable care in providing safe elevators on the premises known as Phillips Point to Plaintiff, MEDRANO, and others similarly situated, and breached such duty of reasonable care as follows:

a. by failing to properly and adequately maintain the elevator in question;

b. by failing to properly inspect the elevator in question;

c. by failing to warn business invitees and others similarly situated of the danger inherent in said defective and dangerous condition;

d. by failing to provide procedures and policies concerning the inspection, maintenance and/or repair of the area in question and the surrounding area at the subject premises;

e. by failing to provide warning signs of any nature whatsoever in and around the area in question and the surrounding area at the subject premises; and

f. by failing to comply with codes and regulations relative to design, construction and maintenance requirements.

38. Defendant, SCHINDLER, knew or should have known of the risk to Plaintiff, MEDRANO, and others similarly situated, and failed to take reasonable steps to guard against such risk, when it knew or should have known that said defective and dangerous condition created a foreseeable likelihood that business invitees could be injured.

39. As a direct and proximate result of the negligence of Defendant, SCHINDLER, Plaintiff, MEDRANO, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages plus costs against Defendant, SCHINDLER, and such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, MEDRANO, hereby demands a trial by jury of all issues so triable.

DATED: This __5__ day of December, 2011.

Gordon & Doner, P.A.
4114 Northlake Boulevard
Palm Beach Gardens, FL 33410
(561) 799-5070 / fax (561) 799-4050
Attorneys for Plaintiff

Daniel G. Williams, Esquire
Florida Bar Number: 0167630

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NANCY MEDRANO,

       Case No.: 502011CA019346XXXXMBAF

    Plaintiff,

v.

SCHINDLER ENTERPRISES, INC., a
Florida Profit Corporation and/or
SCHINDLER ELEVATOR
CORPORATION,  a Foreign Corporation;
PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a Foreign Profit
Corporation and COLONNADE
PROPERTIES, LLC, a Foreign Limited
Liability Company,

    Defendants,

_____/

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff, NANCY MEDRANO, by and through undersigned counsel, hereby files this

Notice of Voluntary Dismissal Without Prejudice as to Defendant, SCHINDLER

ENTERPRISES, INC., a Florida Profit Corporation.   Each party shall bear their own

attorney's fees and costs.

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished on this 28 day of December, 2011, by U.S. Mail to SCHINDLER
ENTERPRISES, INC., 3961 Skyway Drive, Naples, FL 34112; SCHINDLER
ELEVATOR CORPORATION, CT Corporation System 1200 S. Pine Island Road,
Plantation, FL 33324; PRUDENTIAL INVESTMENT MANAGEMENT, INC., C T
Corporation System, 1200 South Pine Island Road, Plantation, FL 33324;
COLONNADE PROPERTIES, LLC, Corpdirect Agents, Inc., 515 East Park Avenue,
Tallahassee, FL 32301.

        Gordon & Doner, P.A.
        4114 Northlake Boulevard
        Palm Beach Gardens, FL  33410
        (561) 799-5070 / fax (561) 799-4050
        Attorneys for Plaintiff

        _____
        Daniel G. Williams, Esquire
        Florida Bar Number: 0167630

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

NANCY MEDRANO,                                  CASE NO. 502011CA019346XXXXMB

       Plaintiff(s),

vs.

SCHINDLER ENTERPRISES, INC., a Florida
profit corporation and/or SCHINDLER
ELEVATOR CORPORATION, a foreign
corporation, PRUDENTIAL INVESTMENT
MANAGEMENT, INC., a foreign profit
corporation, COLONNADE PROPERTIES,
LLC, a foreign limited liability company,

       Defendant(s)

_____/

## SCHINDLER ELEVATOR CORPORATION'S
## MOTION FOR EXTENSION OF TIME

    Defendant, Schindler Elevator Corporation ("SCHINDLER"), by its undersigned counsel and

pursuant to the Florida Rules of Civil Procedure herewith moves for an extension of time to respond

to the Complaint and any discovery served therewith, and states in support as follows:

    1.    This action for personal injuries commenced with the filing of a Complaint on or

about December 5, 2011, and served upon the registered agent for SCHINDLER (a Delaware

corporation with its principal place of business in New Jersey) on or about December 12, 2011.

    2.    SCHINDLER has retained the law firm Sedgwick LLP to represent its interests.

Sedgwick LLP has not yet been provided with materials which are necessary to the formulation of a

responsive pleading, nor have materials been provided which would allow for the formulation of

responses to discovery served with the Complaint.

CASE NO. 502011CA019346XXXXMB

3.     SCHINDLER is in need of and requests an extension of time to respond to the Complaint and any discovery served therewith, and specifically requests an additional twenty (20) days beyond the time period required for a responsive pleading and thirty (30) days beyond the time period required for responses to discovery served with the Complaint.

4.     This motion is not made for any improper purpose but is instead necessary to protect SCHINDLER's Federal and State Constitutional rights to due process and an adequate defense.

WHEREFORE, SCHINDLER ELEVATOR CORPORATION requests the extensions requested above and such other relief that may be deemed necessary, just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this $29$ day of December, 2011 to: Daniel G. Williams, Esquire, Gordon & Doner, P.A., 4144 Northlake Boulevard, Palm Beach Gardens, FL  33410.

SEDGWICK LLP
Attorneys for Defendant Schindler
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL  33308
Telephone:     (954) 958-2500
Facsimile:      (954) 958-2513

By: _____
        RICHARD P. HERMANN II
        Florida Bar No.: 0110019
        STUART A. WEINSTEIN
        Florida Bar No.: 0526630

00756-073052\13\saw

2